FILED
2019 Sep-09 AM 09:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIM CAMPBELL, | } | |
| Plaintiff, | } } } | |
| v. | } } | Case No.: 2:19-CV-802-RDP |
| JAMES INZER, | } } | |
| Defendant. | } | |

## MEMORANDUM OPINION

The case is before the court on Defendant James Inzer's ("Defendant") Motion to Dismiss. (Doc. # 20). The Motion is fully briefed (Docs. # 20 and 24) and is ripe for review. For the reasons explained below, Defendant's motion is due to be granted.

### I.    Background

This action arises out of an order entered in a previous state court case in the Circuit Court of Etowah County, Alabama. In that earlier state court litigation, Plaintiff Jim Campbell ("Plaintiff") sued his brother, Joseph R. Campbell. His brother was represented by Defendant James Inzer ("Defendant"). (Doc. # 1 at 1). In the prior state court case, Defendant Inzer, on behalf of his client (Plaintiff's brother), moved to dismiss, arguing that Plaintiff's claims were barred by the doctrine of res judicata in connection with an even-earlier 2006 case (also between the brothers). (Doc. # 20 at 3). The state trial court granted the motion to dismiss. Plaintiff appealed.[1] (Doc. # 20 at 3).

---

[1] The Supreme Court of Alabama deflected the case to the Alabama Court of Civil Appeals. (Doc. # 20 at 3, n.2).

1

On January 25, 2017, Plaintiff moved the state trial court to send the record of a 2006 case to the appellate court to allow the appellate court to review both cases and evaluate whether the defendant's res judicata defense was proper. (Doc. # 19 at ¶ 4; Doc., # 1 at 4). On January 27, 2017, the trial court judge, the Honorable William Ogletree, denied Plaintiff's motion. (Doc. # 19 at 1, ¶ 4). On May 26, 2017, the Alabama Court of Civil Appeals affirmed the trial court's dismissal of Plaintiff's state court case without opinion. (Doc. # 1 at 6).

In this case, Plaintiff claims that Defendant Inzer conspired with Judge Ogletree to deny Plaintiff a "fair and impartial hearing." (Doc. # 19 at 2, ¶ 8). In particular, Plaintiff claims that his rights were violated when Judge Ogletree (purportedly based upon a conspiracy with Defendant Inzer) denied Plaintiff's motion and refused to send the 2006 case record to the appeals court. (Doc. # 1 at 2). Plaintiff filed his original complaint on May 28, 2019, alleging violations of his due process rights under the 5th and 14th Amendments to the U.S. Constitution.[2] (Doc. #1 at 1). In response to this court's Order, on July 18, 2019, Plaintiff filed an Amended Complaint. (Docs. # 19). Defendant's current Motion to Dismiss argues that Plaintiff's suit is barred by the *Rooker-Feldman* Doctrine, or in the alternative, that Plaintiff's conspiracy claim fails to state a claim as a matter of law. (Doc. # 20 at 9, 14).

## II.  Standard of Review

### A.  The Rule 12(b)(1) Standard

Under Rule 12(b)(1), an attack on subject matter jurisdiction is either facial or factual. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter

---

[2] Plaintiff states that he did not also file suit against Judge Ogletree because of Judge Ogletree's judicial immunity. (Doc. # 24 at 10).

2

jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1259; *Ex Parte Safeway Ins. Co. of Ala., Inc.*, 990 So. 2d 344, 349 (Ala. 2008) ("If a defendant mounts a 'facial' challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party." (citation omitted)).

Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Id.* at 1529. When the challenge is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *Ex Parte Safeway*, 990 So. 2d at 350 ("[A] court deciding a Rule 12(b)(1) motion asserting a factual challenge 'must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.'" (quotation omitted)).

Here, Defendant advances a factual attack on the court's subject matter jurisdiction. (Doc. # 20 at 7). Accordingly, the court may consider and rely on extrinsic evidence to determine whether subject matter jurisdiction does in fact exist. *Ex Parte Safeway*, 990 So. 2d at 350.

### B. The Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards,

3

nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Analysis

Defendant asserts two main arguments as to why the court should grant his motion to dismiss. First, Defendant argues that the *Rooker-Feldman* Doctrine bars Plaintiff's claim in this case. (Doc. # 20 at 9). Second, Defendant argues that even if *Rooker-Feldman* is inapplicable, Plaintiff's Amended Complaint fails to state a plausible conspiracy claim. (Doc. # 20 at 14). For the reasons discussed below, Defendant's motion is due to be granted.

#### a. *Rooker-Feldman* Bars Plaintiffs Case

Defendant argues that Plaintiff's case is barred by the *Rooker-Feldman* Doctrine. The Eleventh Circuit recently explained the *Rooker-Feldman* Doctrine as follows:

> Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to adjudicate the validity of a state court order. *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine bars federal jurisdiction "where the issue before the federal court [i]s 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez v. Attorney Gen. of Fla.*, 679 F.3d 1257, 1262−63 (11th Cir. 2012) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

*Thurman v. Judicial Correction Servs., Inc.*, 760 F. App'x 733, 736 (11th Cir.), *cert. denied*, 139 S. Ct. 2646, 204 L. Ed. 2d 284 (2019).

In *Thurman*, Plaintiffs brought a putative class action seeking, among other things, a declaration that defendants violated state and federal law by commanding probationers to pay certain fines pursuant to documents that were not lawful orders of probation. 760 F. App'x at 735. The Eleventh Circuit held that the district court properly determined that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *Thurman*, 760 F. App'x at 737. The circuit court

explained that "Plaintiffs' request for declaratory relief [] expressly rest[s] on Defendants' enforcement of state court orders and require[s] this Court to conclude that those orders are not lawful orders of probation without a signature. Such a request is precisely what *Rooker-Feldman* proscribes because it 'complain[s] of injuries caused by state-court judgments and invite[s] ... review and rejection of those judgments.'" *Id.* (quoting *May v. Morgan Cty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (in turn quoting *Exxon Mobil*, 544 U.S. at 284) (internal quotations marks omitted))).

For *Rooker-Feldman* to apply, the court must find that Plaintiff complains of injuries caused by a state court order. Here, Plaintiff claims that Defendant and Judge Ogletree conspired against him to deprive him of "his procedural due process rights under the 5th and 14th Amendments." (Doc. # 19 at ¶ 3). They allegedly deprived Plaintiff of these rights by denying his motion "to have the record in a previous state case send to the Alabama Court of Civil Appeals." (Doc. # 19 at ¶ 4). That is, Plaintiff alleges that Judge Ogletree's Order, which resulted from the alleged conspiracy between the Judge and Inzer, violated his due process rights.

Plaintiff argues that *Rooker-Feldman* does not apply because his federal claim involves "different parties and different issues." (Transcript, August 26, 2019 Scheduling Conference at 3). However, having different parties and different issues does not, in and of itself, render *Rooker-Feldman* inapplicable. *Pepke v. Fla. Dep't of Families*, 324 F. Supp. 3d 1258 (S.D. Fla. 2018) (finding that *Rooker-Feldman* barred the plaintiff's claims even though the plaintiff's claims involved new issues that were brought against different parties). Additionally, Plaintiff's injury, though different in kind from the injuries he claimed in the state court action, stems directly from the state court decision -- if there was no purported "conspiracy" between Defendant and Judge Ogletree to refuse to send the 2006 case report to the appellate court, Plaintiff would not have

suffered the injury complained of. Additionally, the likely remedy, should Plaintiff's claim succeed, would inevitably be to allow Plaintiff to revive the issue of Judge Ogletree's decision in the state court judgment or to compensate Plaintiff for the judgment he claims he wrongfully suffered - remedies this court cannot furnish.

The court finds that Plaintiff's claims are "inextricably intertwined" with Judge Ogletree's Order because the success of Plaintiffs' federal claims would effectively nullify the state court orders. *Feldman*, 460 U.S. at 486. For Plaintiff's federal claim to succeed, this court would be required to hold that Judge Ogletree's Order violated Plaintiff's due process rights because Plaintiff's conspiracy claim arises directly out of the state court's Order.

Plaintiff's argument is similar to an argument made by the plaintiff in *Pepke*. There, the plaintiff's federal lawsuit arose out of dependency proceedings in state court. *Pepke*, 324 F. Supp. 3d at 1261. The plaintiff alleged numerous cases of abuse and neglect that befell his children at the hands of the defendant. *Pepke*, 324 F. Supp. 3d at 1261. "After the dependency court acknowledged the compelling evidence that continuing supervision should be terminated, [the plaintiff's privilege to] supervis[e] was officially terminated on May 19, 2018 and the case was formally closed by court order on April 3, 2018." *Pepke*, 324 F. Supp. 3d at 1262. The plaintiff in *Pepke* filed suit in federal court, alleging numerous 28 U.S.C. § 1983 claims. *Pepke*, 324 F. Supp. 3d at 1261. The plaintiff argued that he was not directly attacking the state court judgment but instead pursuing wholly different claims under § 1983. *Pepke*, 324 F. Supp. 3d at 1266. The district court held that because the plaintiff alleged "that he had a 'constitutional right to raise and live with his children as a family' and that he was deprived of such a right," the § 1983 claims were barred by *Rooker-Feldman* because they were inextricably intertwined with the outcome in the

dependency proceeding and would require a finding that the state court wrongly decided the case. *Pepke*, 324 F. Supp. 3d at 1267.

Here, similar to the plaintiff's argument in *Pepke*, Plaintiff argues that his conspiracy claim is not connected to the ultimate decision in the state court proceedings; therefore, he argues, *Rooker-Feldman* is inapplicable. (Doc. # 24 at 4). However, this argument ignores the fact that his conspiracy claim is inextricably intertwined with Judge Ogletree's Order denying his motion to send the record of the 2006 case to the appellate court. An investigation into the propriety of that Order would run afoul of *Rooker-Feldman*.

Furthermore, Plaintiff had the opportunity to raise his concerns during the state court proceedings but failed to do so. Indeed, Plaintiff could have raised his concerns on appeal when he submitted his appellate brief to the Alabama Court of Civil Appeals.[3] *McCavey v. Gold*, 625 F. App'x 968, 971 (11th Cir. 2015). The court in *McCavey* faced a similar situation where the plaintiff, bringing a § 1983 action against individuals involved in his state-court divorce proceedings, argued that he "could not have reasonably raised his issues in state court proceedings. *McCavey*, 625 F. App'x at 971. The court disagreed and noted that the plaintiff:

> could have reasonably raised issues concerning the actions of certain Appellees during the course of that proceeding. He could also have raised issues concerning the state court's alleged biases on appeal, rather than determining that such an appeal would be "futile." Although his allegations did not involve issues relating to the [state court] judgment . . . , they did relate to the structure and nature of the [state court] proceedings, which are relevant to raise during the trial and on appeal.

*McCavey*, 625 F. App'x at 971. Here, too, Plaintiff did not raise his issues in the trial court or on appeal, and it is not proper for this court to take up the issue now.

---

[3] One avenue for Plaintiff to address Judge Ogletree's denial of the motion to send the record of the 2006 case to the Alabama Court of Civil Appeals would have been to file a writ of mandamus in the appellate court.

Although Plaintiff contends that he is not seeking review, appeal, or invalidation of a state-court judgment, his claim is barred by *Rooker-Feldman* because it is "brought by [a] state-court loser[] complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review [] of [that] judgment." *Exxon Mobil Corp.*, 544 U.S. at 284.

### b. Plaintiffs Conspiracy Claim Fails as a Matter of Law

Even if Plaintiff's claim was not barred by the *Rooker-Feldman* Doctrine (and, to be clear, it is), Defendant also argues that Plaintiff's conspiracy claim fails as a matter of law because it is not adequately pleaded. (Doc. # 20 at 14-15). The court agrees.

In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.'" *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion. *Twombly*, 550 U.S. at 555. A complaint must include enough facts "to raise a right to relief above the speculative level." *Id*. A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's claim fails to satisfy these standards. Plaintiff's Amended Complaint states in a conclusory fashion that Defendant "entered into an actual, *or implied agreement* with Judge Ogletree," (Doc. # 19 at 1, ¶ 3 (emphasis added)), and that he "furthered the conspiracy by ratifying and adopting the acts of Judge Ogletree in that after receiving copies of the Motion and the denial thereof he accepted the benefits of the denial of Plaintiff's Motion knowing it to be necessary for the Appeals court to have in order to make a fair and impartial decision." (Doc. # 19 at ¶ 5).

9

Plaintiff's alternative allegation -- that there was an "implied agreement" -- illustrates the fact that his Amended Complaint fails to contain sufficient allegations of fact to plausibly plead a conspiracy claim.

Plaintiff cannot rely on subjective suspicions and unsupported speculation, but rather must allege sufficient facts to show that an agreement was made. *Iqbal*, 556 U.S. at 556; *see also Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without specifically alleging facts showing the parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).

Here, there are no well-pleaded facts suggesting that Defendant was engaged in a conspiracy against Plaintiff, or that there was any agreement between Defendant and Judge Ogletree. None of the allegations contained in the Amended Complaint are sufficient to sustain a claim of conspiracy against Defendant. *See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 26 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) ("The alleged conspiracy is a fig leaf for taking aim at the state court's own alleged errors."); *Freeman v. Rice*, 399 F. App'x 540, 545 (11th Cir. 2010) ("[The plaintiff's] second amended complaint does not allege any facts to support an agreement or conspiracy between [the defendant] and the judges of the Florida District Court of Appeals. In the absence of such allegations, [the plaintiff's] complaint fails to state a claim for relief . . . ."); *Capgrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Thus, a judicial

conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." (internal quotation marks omitted)); *Teems v. Wingfield*, No. 5:15-cv-00171-MTT-CHW, 2018 WL 1474610, at *4 (M.D. Ga. Jan. 18, 2018) ("Plaintiff alleges that the judges, prosecutors, and others directly conspired to deny him habeas relief and brings conspiracy claims under Section 1983, 1985, and 1986. In order to grant Plaintiff relief, this Court would have to conclude that Plaintiff's rights were violated because the state court's procedural and substantive rulings were incorrect. Plaintiff's presentation of his claim as a conspiracy does not change this analysis, and is merely a variation on his direct attack to the state court's judgement.").

**Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is due to be granted. An Order consistent with this Memorandum will be filed.

**DONE** and **ORDERED** this September 9, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE